## FIRST CATHOLIC SLOVAK UNION OF THE UNITED STATES OF AMERICA v. AMERICAN SURETY CO. OF NEW YORK.

### No. 2899.

District Court, M. D. Pennsylvania.

Sept. 12, 1936.

Peter P. Jurchak, of Wilkes-Barre, Pa., and Charles Chapla, of Cleveland, Ohio, for plaintiff.

Paul G. Collins and James W. Scanlon, both of Scranton, Pa., for defendant.

JOHNSON, District Judge.

This is an action in assumpsit upon a surety bond issued by the defendant to protect plaintiff's deposit in the Miners Savings Bank & Trust Company of Olyphant, on account of an alleged default of the bank in refusing to pay the deposit upon demand. The case was tried before the court and a jury and a verdict rendered for plaintiff in the sum of $17,513.-12. The defendant is now asking for a new trial and has assigned numerous reasons therefor.

The statement of claim is based on the theory that on September 26, 1931, the plaintiff demanded the return of its deposit in the Miners Savings Bank & Trust Company of Olyphant, Pa., but that the bank defaulted in payment and consequently the defendant surety company became liable upon its bond covering the deposit. Whether the plaintiff was entitled to its deposit upon demand and consequently whether the bank was in default in refusing to pay the deposit depends upon the contract made between the depositor and the bank. At the trial plaintiff offered evidence to show

when the deposit was created it was agreed between plaintiff and the bank that it should be a special deposit subject to withdrawal upon demand without previous notice, and that the special agreement abrogated the printed rule in plaintiff's passbook which reserved to the bank the right to require depositors to give 60 days' notice to the bank before withdrawing their deposits. Prior to the demand in this case the bank had invoked the 60-day notice requirement of its depositors. The defendant objected to plaintiff's offer on the ground, among others, that the special agreement and waiver of the printed rules in the passbook to which plaintiff had subscribed, was not pleaded in the statement of claim, and, accordingly, the evidence offered was at variance with the pleading. The evidence was received subject to objection, and this was made one of the reasons for a new trial.

Unless the special contract was pleaded in the statement of claim, it would be a material variance between the pleadings and the proof and ground for a new trial. 46 C.J. p. 87, § 43; 49 C.J. p. 804, § 1187. The statement of claim nowhere pleads a special agreement between the plaintiff and the bank, waiving any requirement of notice of withdrawal; paragraph 16 of the statement of claim, as amended, cannot be construed to make such averment.

And now, September 12, 1936, the rule to show cause why a new trial should not be granted is made absolute and a new trial is granted.